UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARL WILLIAMS, *et al*,

        Plaintiffs,

vs.

CASE NO. 06-CV-14343
HON. LAWRENCE P. ZATKOFF

MICHIGAN SUPREME COURT, *et al.*,

        Defendants.
_____/

## **ORDER**

AT A SESSION of said Court, held in the
United States Courthouse, in the City of Port Huron, State of
Michigan, on the 23rd day of October, 2006.

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

This matter is before the Court on Plaintiffs' Response to the Court's Order to Show Cause (Docket # 3)[1] and Plaintiffs' Corrected First Amended Application for Temporary Restraining Order (Docket #9). At this time, none of the Defendants have been served with any of the pleadings in this matter. For purposes of deciding the Plaintiffs' Corrected First Amended Application for Temporary Restraining Order, the Court finds that the determination of the issues will not be aided by oral argument. Therefore, pursuant to E.D. Mich. Local R. 7.1(e), this Court has decided Plaintiffs' Application upon the documentation submitted, without this Court entertaining oral arguments. For the reasons set forth below, Plaintiffs' Corrected First Amended Application for Temporary Restraining Order (Docket #9) is DENIED.

---

[1] The Court has received Plaintiff's Response to Order to Show Cause and the corrected and amended pleadings filed by Plaintiffs pursuant to such Order to Show Cause. The Court finds that the Plaintiffs have complied with the Fed. R. Civ. P. and the E.D. Mich. Local Rules in filing such pleadings and that such pleadings are now appropriately before the Court.

## I. LEGAL STANDARD

A court is to consider the following four factors in determining whether a plaintiff is entitled to a temporary restraining order or other preliminary injunctive relief:

(1) whether the movant has shown a strong or substantial likelihood or probability of success on the merits;

(2) whether the movant has shown that he or she would suffer irreparable harm if the preliminary relief is not issued;

(3) whether the issuance of a preliminary injunction will not cause substantial harm to third parties; and

(4) whether the public interest would be served by the issuance of a preliminary injunction.

*Sandison v. Michigan High School Athletic Association, Inc.*, 64 F.3d 1026, 1030 (6th Cir. 1995); *UASCO Coal Co. v. Carbomin Energy, Inc.*, 689 F.2d 94, 98 (6th Cir. 1982); *Mason County Med. Ass'n v. Knebel*, 563 F.2d 256, 261 (6th Cir. 1977).  The standard for injunctive relief is not a rigid and comprehensive test, and the four factors are to be balanced, not prerequisites that must be satisfied, but instead "these factors simply guide the discretion of the court; they are not meant to be rigid and unbending requirements." *In re Eagle-Picher Indus., Inc.* 963 F.2d 855, 859 (6th Cir. 1992).

## II. FINDINGS OF THE COURT

The Court has reviewed the Plaintiffs' Application and Brief in support thereof.  The Court finds that Plaintiffs have not satisfied their burden to require this Court to grant Plaintiffs' request for a Temporary Restraining Order pursuant to the four factors described above.  More specifically, (1) there has been no demonstration that Plaintiffs will be irreparably harmed if a TRO is not issued today; (2) Plaintiffs have not demonstrated that they are likely to succeed on the merits in this matter; (3) such injunctive relief could cause substantial harm to third parties; and (4) it is not clear that the public interest would be served by the issuance of an injunction.

In addition, the Court notes that Fed. R. Civ. P. 65(b) states that:

> A temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney only if (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.

In this case, there has been no showing that either of the requirements under Rule 65(b) have been satisfied. Even if Plaintiffs' could satisfy the four factors set forth above, relieve could still be granted at a later date. More significantly, there has been no written certification to the Court by the Plaintiffs that the Plaintiffs have or have not made efforts to give defendants notice of this action or why such notice should not be required.

### III.  CONCLUSION

Accordingly, and for the reasons stated, Plaintiff's Motion for Temporary Restraining Order is DENIED. In addition, the Court hereby ORDERS that a hearing on Plaintiffs' First Amended Application for Preliminary and Permanent Injunction be held on Wednesday, November 1, 2006, at 2:00 p.m. at the undersigned's court in Port Huron, Michigan. At that time, the Court shall hear claims with respect to, and affecting, only those Defendants who have been served with the pleadings in this action, as a preliminary injunction cannot be issued by this Court absence notice to the adverse party. *See* Fed. R. Civ. P. 65(a).

IT IS SO ORDERED.

s/Lawrence P. Zatkoff  
LAWRENCE P. ZATKOFF  
UNITED STATES DISTRICT JUDGE

Dated: October 23, 2006

CERTIFICATE OF SERVICE

    The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on October 23, 2006.

                                                  s/Marie E. Verlinde
                                                 Case Manager
                                                 (810) 984-3290