UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARL WILLIAMS, et al.,

       Plaintiffs,                          Civil Action No.
                                               06-CV-14343-DT

vs.

                                               HON. BERNARD A. FRIEDMAN

STATE OF MICHIGAN, et al.,

       Defendants.
_____/

**ORDER DENYING PLAINTIFFS' "MOTION FOR DISQUALIFICATION OF JUSTICE LAWRENCE ZATKOFF" (DKT. NO. 13)**

This matter is presently before the Court on Plaintiffs' "Motion for Disqualification of Justice Lawrence Zatkoff." Plaintiffs move to disqualify Judge Zatkoff pursuant to 28 U.S.C. §§ 144, 455(a), and 2284.[1] After review, the Court will deny the motion.

---

[1] Section 144 states:
> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

28 U.S.C. § 144 (2006).

Section 455(a) states:
> Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

Id. § 455(a).

Section 2284 states:
> A district court of three judges shall be convened when otherwise required by Act of Congress, or when an action is filed challenging the constitutionality of the apportionment of congressional districts or the apportionment of any statewide legislative body.

Id. § 2284(a) (1994).

The Court has no authority to rule on such a motion. A plaintiff must submit a motion for disqualification to the district judge who is assigned to the case, not to the Chief Judge or to a three-judge panel. See Bell v. Johnson, 404 F.3d 997, 1005 n.8 (6th Cir. 2005) (stating "we do not require that the case be transferred to another judge to determine the legal sufficiency of the affidavits" for disqualification); Khan v. Yusufji (In Re Khan), 751 F.2d 162, 165 (6th Cir. 1984) (quotation and citation omitted) (stating "[a] recusal motion is committed to the sound discretion of the district judge" assigned to the case); Duke v. Pfizer, Inc., 668 F. Supp. 1031, 1034-35 (E.D. Mich. 1987) (quoting United States v. Mitchell, 377 F. Supp. 1312, 1315 (D.D.C. 1974)) ("'A judge challenged under these [recusal] statutes ought to be willing to shoulder the responsibility of ruling in the matter . . . . If the judge errs in his determination, the proper remedy is in appellate review.'"); United States v. Studley, 783 F.2d 934, 940 (9th Cir. 1986) (stating "we reject [defendant's] argument that the Chief Judge or a committee of disinterested judges from the District was required to rule on this recusal motion [because we] have held repeatedly that the challenged judge himself should rule on the legal sufficiency of a recusal motion in the first instance"); United States v. Miller, 355 F. Supp. 2d 404, 405 (D.D.C. 2005) ("The judge who is the object of the recusal motion rules on the motion."); 13A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 3551, at 633 (2d ed. 1984) ("It has been the common understanding that it is for the judge who is the object of the affidavit [for disqualification] to pass on its sufficiency."). Thus, a plaintiff commits a procedural error by submitting a motion for disqualification to a judge who is not presiding over plaintiff's case.

Here, the Court finds no authority, nor has Plaintiff provided any grounds of authority, by which it would be proper for this Court to entertain a motion to disqualify Judge Zatkoff. Thus,

based on the caselaw and plain language of the statutes, the Court will deny Plaintiffs' motion.

Moreover, the matter is moot. Plaintiffs filed their Motion for Disqualification on October 24, 2006. On October 30, 2006, Judge Zatkoff disqualified himself, and the case was reassigned to another judge. As such, Judge Zatkoff is no longer presiding over this case. Therefore, Plaintiff's motion to disqualify Judge Zatkoff is moot.

Accordingly,

IT IS ORDERED that Plaintiffs' "Motion for Disqualification of Justice Lawrence Zatkoff" is denied.

         s/Bernard A. Friedman_____
         BERNARD A. FRIEDMAN
         CHIEF UNITED STATES DISTRICT JUDGE

Dated: November 15, 2006
        Detroit, Michigan

I hereby certify that a copy of the foregoing document
was served this date upon counsel of record
electronically and/or via first-class mail.

_____/s/ Patricia Foster Hommel_____
       Patricia Foster Hommel
     Secretary to Chief Judge Friedman