**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

CARL WILLIAMS, HASSAN ALEEM,
and PERCY HARRIS, JR.

              Plaintiffs,                    CASE NO. 06-CV-14343
                                                   PAUL D. BORMAN
-vs-                                         UNITED STATES DISTRICT JUDGE

STATE OF MICHIGAN, et al.,

              Defendants,
_____/

## OPINION AND ORDER
### (1) GRANTING DEFENDANTS' MOTION TO DISMISS;
### AND (2) DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION OF THE
### OCTOBER 23, 2006 ORDER DENYING PLAINTIFF'S MOTION FOR A TEMPORARY
### RESTRAINING ORDER / PRELIMINARY INJUNCTION

Before the Court is Defendants' November 9, 2006 Motion to Dismiss Plaintiffs'

Corrected First Amended Complaint. (Docket No. 19). Plaintiffs filed two Responses, one on

November 27 and the other on November 28, 2006. (Docket Nos. 22, 23). For the following

reason, the Court GRANTS Defendants' Motion to Dismiss.

Before the Court is also Plaintiffs' Motion for Reconsideration of the October 23, 2006

Order Denying Plaintiff's Motion for a Temporary Restraining Order / Preliminary Injunction.

(Docket No. 16). For the following reasons, the Court DENIES Plaintiffs' Motion for

Reconsideration.

**I.**      **BACKGROUND**

This case is related to two lawsuits challenging the placing of Proposition 06-2, a

Michigan constitutional amendment banning affirmative action programs, on the State of

Michigan ballot in the November 2006 election. Proposition 06-2 was subsequently passed by the Michigan electorate in the November 2006 election.[1]

Proposition 06-2 has been the subject of both state and federal lawsuits challenging its placement on the November 2006 ballot. The facts and dispositions of the these lawsuits are thoroughly explained by Judge Arthur J. Tarnow in *Operation King's Dream v. Connerly*, No. 06-12773, 2006 WL 2514155 (E.D. Mich. Aug. 29, 2006) (unpublished);[2] *see Michigan Civil Rights Initiative v. Bd. of State Canvassers*, 268 Mich. App. 506 (2005), *lv. denied*, 475 Mich. 903 (2006).

Plaintiffs Williams, Aleem, and Harris ("Plaintiffs") were a granted leave to intervene, in propria persona, in the state case by the Michigan Court of Appeals to answer the Michigan Civil Rights Initiative's ("MCRI") mandamus complaint. Plaintiffs filed a motion for summary disposition of MCRI's complaint; but the Michigan Court of Appeals ultimately concluded on October 31, 2005, that the MCRI was entitled to mandamus to compel the State Board of Canvassers to place Proposal 06-2 on the Michigan ballot. *Michigan Civil Rights Initiative*, 268 Mich. App. at 520. After this decision, Plaintiffs continued to file various pleadings to the court. On its own initiative, the Michigan Court of Appeals entered an Order on December 7, 2005, sanctioning each of the three Plaintiffs $500.00 for filing motions grossly lacking in requirements of propriety, pursuant to MCR 7.216(C)(1)(b). On December 12, 2005, Plaintiffs

---

[1] According to the State of Michigan election statistics, Proposition 06-2 passed by a 58% to 42% margin, with 3,696,701 votes cast. *See* 2006 Official Michigan General Election Results – State Proposal 06-2, http://miboecfr.nictusa.com/election/results/06GEN/90000002.html (last visited Dec. 11, 2006).

[2] Plaintiffs were not parties in the federal lawsuit in front of Judge Tarnow.

filed an Objection seeking an explanation for the basis of the sanctions. On January 18, 2006,

Plaintiffs filed an application for leave to appeal to the Michigan Supreme Court on the issue of

sanctions. On March 29, 2006, the Michigan Supreme Court denied the application for leave.

*Michigan Civil Rights Initiative v. Bd. of State Canvassers*, 474 Mich. 1099 (2006). The

Michigan Court of Appeals ordered on July 17, 2006, that Plaintiffs (1) pay the $500.00 sanction

and (2) were barred from filing additional pleadings in that court until the fee was paid.

On October 16, 2006, Plaintiffs, in propria persona, filed their Corrected First Amended

Complaint in federal court, alleging the following causes of action against various State of

Michigan entities.

I.     The Secretary of State and Attorney General Representatives Conspired and Mislead the People;

II.    The Secretary of State and the Attorney General were Personally Notified on the Constitutional and Statutory Violation and Request for Hearing under FOIA Act;

III.   Whether Plaintiff [Statistical] Sample Analysis is Defective?;

IV.    The Secretary of State and Board of Canvassers Violated the Constitutional Requirement for Initiative Petition;

V.     The Board of Canvassers Received Evidence from Plaintiffs of the Violation;

VI.    The Michigan State Court of Appeals Judges Conspired to Usurp the Jurisdiction of the Supreme Court;

VII.   The Michigan State Court of Appeals Deprived Plaintiffs Due Process of Law of Free Speech and Access to the Court;

VIII.  The Michigan State Court of Appeals Prematurely Granted a Writ of Mandamus in Violation of the Standard of Review and Failed [to] Exhaust Administrative Remedies;

IX.    The Court of Appeals Sanction[ed] the Board of Canvassers and Plaintiffs and Threaten[ed] Plaintiffs with Deprivation of Access to the Court of Appeals and Imprisonment;

X.     The Michigan State Supreme Court Deprived Plaintiffs Due Process and Contravened the Legislative Intent of the Election Statute.

In relief, Plaintiffs request that the Court enter a preliminary and final injunction (1) to

restrain the Michigan Court of Appeals from sanctioning Plaintiffs; and (2) to disallow

Proposition 06-2 from being placed on the November 2006 Michigan election ballot. Defendants motion the Court to dismiss Plaintiffs' Complaint based on the following: (1) the *Rooker-Feldman* doctrine precludes a federal court from reviewing the substance or procedure of state court decisions; (2) Plaintiffs' allegations do not state causes of action cognizable under federal law; and (3) Plaintiffs' request that Proposal 06-2 be barred from the Michigan election ballot is now moot.

## II.    ANALYSIS

### A.    Defendants' Motion to Dismiss

#### 1.    Motion to Dismiss Standard of Review

In assessing a motion to dismiss pursuant to FRCP 12(b)(6), the court treats all well-pleaded allegations as true. *Kostrzewa v. City of Troy*, 247 F.3d 633, 638 (6th Cir. 2001). Dismissal is proper only if it appears beyond doubt that the plaintiff can prove no set of facts in support of her claims that would entitle her to relief. *Id.* (internal quotations omitted). The Court construes the complaint in the light most favorable to the non-moving party. *Columbia Nat. Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). A complaint will survive a motion to dismiss if it contains either direct or inferential allegations with respect to all material elements necessary to sustain a recovery under some viable legal theory. *Performance Contracting, Inc. v. Seaboard Sur. Co.*, 163 F.3d 366, 369 (6th Cir. 1998).

#### 2.    *Rooker-Feldman* Doctrine

Defendants argue that Counts I-VIII and X of Plaintiffs' case is barred by the *Rooker-Feldman* doctrine, since the Plaintiffs are essentially challenging the substance and procedure of a state court decision. First, Defendant point out that Plaintiffs do not explain how any of their

allegations state federal causes of action. Second, Defendants contend that under 28 U.S.C. §

1257, Plaintiffs' only avenue to seek review of the decision of a state supreme court is to petition

for a writ of certiorari to the United State Supreme Court. Finally, the *Rooker-Feldman* doctrine

clearly precludes a federal district court from reviewing the constitutionality of state court

decisions.

Although the Supreme Court recently refined the scope of *Rooker-Feldman* in *Exxon*

*Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005), the core of the doctrine remains

that a district court cannot hear claims that a state court judgment was unconstitutional or

violated federal law. *McCormick v. Braverman*, 451 F.3d 382, 395 (6th Cir. 2006). In order for

*Rooker-Feldman* to apply, (1) the issues must be inextricably intertwined with the claim asserted

in the state court proceeding and (2) a specific grievance that the law was invalidly, even

unconstitutionally – applied in the plaintiff's particular case. *Tropf v. Fidelity Nat. Title Ins. Co.*,

289 F.3d 929, 937 (6th Cir. 2002)

To the extent that Plaintiffs are bringing their Complaint pursuant to 42 U.S.C. § 1983,

Counts I-VIII and X fall squarely into the heart of the *Rooker-Feldman* analysis. Plaintiffs'

arguments, by and large, either repeat the same issues presented to the Michigan courts or

request that this Court review the Michigan courts' decisions on the merits.

In Counts I and II, Plaintiffs claim that members of the offices of the Attorney General

and Secretary of State lied when (1) they told the Board of Canvassers that circulators of

petitions did not have to live in the county where they were circulating the petition and (2) they

denied Plaintiffs' request for a hearing on the issue that the petition signatures were not

notarized.

First, these allegations do not constitute any recognizable federal constitutional cause of action. Second, Defendants point out that the both statements attributed to Defendants is an accurate statement of Michigan law under the 1963 state constitution. (Def. Br. Ex. E., Letter to Carl Williams from Director of Elections); *see* MICH. CONST. 1963 arts. 2, § 9 & 12, § 2.

Plaintiffs' Count III alleges that the Secretary of State used a flawed and misleading statistical review of the ballot initiative. Defendants contend that Plaintiffs presented this argument on appeal in the state court proceeding, and the Michigan Supreme Court rejected it. Plaintiffs in this case are requesting that this Court review that decision of Michigan courts (1) on the merits and (2) on its constitutionality as applied to their case. Under these circumstances, both Counts are barred by the *Rooker-Feldman* doctrine.

Plaintiffs' Counts IV and V involve other issues "inextricably intertwined" with the state court proceedings. Count IV vaguely references the fact that the Secretary of State failed to investigate violations of the Michigan constitution. Count V alleges that the Michigan Court of Appeals and the Attorney General's Office somehow conspired to coerce the Board of Canvassers into certifying the defective petitions by illegally ordering them to approve certification.

Counts VI, VII, VIII, and X all similarly assert claims that *Rooker-Feldman* precludes. Count VI states that the Michigan Court of Appeals wrongfully usurped the jurisdiction of the Michigan Supreme Court by issuing its decision. However, this allegation is entirely incorrect under Michigan law, which provides that a circuit court or the court of appeals has original jurisdiction for original actions for mandamus. *See* MCL 168.479; MCR 3.305(A). Count VII states that the Michigan Court of Appeals deprived Plaintiffs of due process by rejecting their

summary disposition arguments filed as intervenors. This argument is without merit. The

Michigan Court of Appeals ruled on the issues of the case on October 31, 2005. Count VIII

alleges that MCRI failed to exhaust its administrative remedies before filing for mandamus.

Count X recounts that the Michigan Supreme Court deprived Plaintiffs of due process by failing

to carry out its legal duty to reverse the Michigan Court of Appeals' decision. These Counts

challenge to the merits of the state courts' decisions. Therefore, the Court DISMISSES Counts I-

VIII and X.

> 3.    Mootness

Even if the Court were to reach the merits of Counts I-VIII and X, Plaintiffs' case is now

moot since the election has occurred and Proposal 06-2 has passed. *See Kardules v. City of*

*Columbus*, 95 F.3d 1335, 1338 (6th Cir. 1996). Likewise, Plaintiffs have not shown how the

issues in this case are capable of repetition, yet avoiding review. *Sandison v. Michigan High Sch.*

*Athletic Ass'n*, 64 F.3d 1026, 1030 (6th Cir. 1995).

> 4.    Standing to Challenge the Imposition of Sanctions

In Count IX, Plaintiffs claim that the Michigan Court of Appeals' imposition of a

$500.00 sanction on each Plaintiff before filing effectively denies them access to the courts.

Plaintiffs additionally argue that the Attorney General, the Secretary of State, and the Michigan

courts conspired to deprive them of rights under MCL 750.157a and 18 U.S.C. §§ 241 & 242.

Plaintiffs initially appealed the imposition of sanctions to the Michigan Supreme Court, which

did not find merit to Plaintiffs' arguments. Defendants argue that Michigan state courts were

correct to impose these fines and were authorized to do so under MCR 7.216 and MCL 600.1701(e).

The Sixth Circuit has held that a party does not have standing to request declaratory or injunctive relief to challenge a state court's past imposition of sanctions. *Grendell v. Ohio Supreme Court*, 252 F.3d 828, 832 (6th Cir. 2001). Since the sanctions have already been imposed by the Michigan Court of Appeals, "this past injury has no continuing, present adverse effects and cannot establish standing for declaratory and injunctive relief." *Id*. However, in this instance, the July 17, 2006 Michigan Court of Appeals' Order declares that if Plaintiffs do not pay the sanctions, the court would consider the imposition of further sanctions.

However, under *Grendell*, "where the threat of repeated injury is speculative or tenuous, there is no standing to seek injunctive relief. *Id*. at 833. Plaintiffs would have to show a real possibility that they intend to file more briefs with the Michigan courts on this matter and that there is a "real and immediate" threat that they would be additionally sanctioned. *Id*. Plaintiffs did file an application for leave to appeal the issue of sanctions, and the Michigan Supreme Court denied their application. Plaintiffs did not file a petition for certiorari with the United States Supreme Court, the proper route for challenging the orders of Michigan courts. Further, as explained above, since the underlying dispute in the case, the placement of Proposal 06-2 on the Michigan ballot, is now moot, Plaintiffs have nothing more to file on the case. Plaintiffs similarly do not make any coherent argument challenging the constitutionality of the relevant Michigan Court Rule or statute, either facially or as applied to them.

Finally, Plaintiffs cannot maintain an action against State of Michigan entities and individuals under 18 U.S.C. 241 & 242, since the statute does not provide a basis for civil liability. *Willing v. Lake Orion Cnmty. Schs. Bd. of Trustees*, 924 F. Supp. 815, 818 (E.D. Mich. 1996). Therefore, the Court DISMISSES Count IX.

### B.    Plaintiffs' Motion for Reconsideration

Since the Court has found that Plaintiffs' request for relief is moot, and for the reasons stated above, the Court DENIES Plaintiffs' Motion for Reconsideration of the October 23, 2006 Order Denying Plaintiffs' Motion for a Temporary Restraining Order / Preliminary Injunction.

## III.    CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' Motion to Dismiss and **DENIES** Plaintiffs' Motion for Reconsideration.

**SO ORDERED.**


                                    s/Paul D. Borman_____
                                    PAUL D. BORMAN
                                    UNITED STATES DISTRICT JUDGE
Dated:  December 19, 2006
                            CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on December 19, 2006.


                                    s/Denise Goodine_____
                                    Case Manager