UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARL WILLIAMS, HASSAN ALEEM,
and PERCY HARRIS, JR.

       Plaintiffs,                         CASE NO. 06-CV-14343
                                                     PAUL D. BORMAN
-vs-                                         UNITED STATES DISTRICT JUDGE

STATE OF MICHIGAN, et al.,

       Defendants,
_____/

**ORDER DENYING PLAINTIFFS' MOTION FOR RELIEF FROM JUDGMENT**

Before the Court is Plaintiffs' January 18, 2007 Motion for Relief from Judgment (Docket No. 34) from this Court's December 19, 2006 Order Granting Defendants' Motion to Dismiss and Denying Plaintiffs' Motion for Reconsideration. *See Williams v. State of Michigan*, No. 06-14343, 2006 WL 3759974 (E.D. Mich. Dec. 19, 2006) (unpublished).

Plaintiffs argue the following in support of their FRCP 60(b) Motion:

(1) The criterion for *Rooker* was addressed by the Defendant nor the District Court and don't apply in this case;

(2) Inextricably intertwines [sic] documents is preempted by the Federal Arbitration Act 9 USC 3. And don't apply;

(3) The Secretary of State and Board of Canvassers failed to investigate as stated by Plaintiffs and District Judge Arthur J. Tarnow Opinion page 3;

(4) The Secretary of State and Board of Canvassers violated the Constitution requirement for the initiative petition and the Court ignored the violation;

(5) Whether the Attorney General, Representative Gary P. Gordon and Court of Appeals can legally tell the Board of Canvassers how to vote and violated Article III Section 2;

 (6) The Eastern District through Judge Borman ha[s] misrepresented the facts and law to not enforce the Constitution of the State and US Constitution.

 (7) The Court ha[s] shown material prejudice toward Plaintiffs and given Defendants preferential treatment.

Under FRCP 60(b), a court may relieve a party from a judgment or order if there is found to be:

 (1) mistake, inadvertence, surprise, or excusable neglect;
 (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial;
 (3) fraud, misrepresentation, or other misconduct of the adverse party;
 (4) the judgment is void;
 (5) the judgment has been satisfied, released, or discharged;
 (6) any other reason justifying relief from the operation of the judgment.

After considering the arguments in Plaintiff's brief, the Court finds that Plaintiffs have failed to make a showing that they are entitled to relief under any of the Rule 60(b) considerations. Plaintiffs simply reiterate their contentions already considered and denied in the Court's previous Orders.

Therefore, the Court **DENIES** Plaintiffs' Motion for Relief from Judgment.

**SO ORDERED.**

          s/Paul D. Borman
          PAUL D. BORMAN
          UNITED STATES DISTRICT JUDGE

Dated: January 24, 2007

### CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on January 24, 2007.

          s/Denise Goodine
          Case Manager